# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                     CR. NO. 20-1954 KWR

PETER GARCIA,

        Defendant.

## UNOPPOSED MOTION TO CONTINUE TRIAL
## AND MOTION TO EXTEND TIME TO FILE MOTIONS

The Defendant Peter Garcia (Mr. Garcia), through his undersigned counsel, respectfully moves the Court to continue the trial currently set for July 12, 2021 for ninety (90) days, and to grant a corresponding extension of time to file motions. As grounds for this motion, Mr. Garcia would show the Court the following:

1.      Mr. Garcia was indicted on October 28, 2020, on a single count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), Doc. 4. Mr. Garcia was arraigned in this case on January 22, 2021, Doc. 18.

2.      On June 25, 2021, an Order was entered in this case granting prior CJA counsel's motion to withdraw from this case, Doc. 33. Undersigned counsel was appointed to represent Mr. Garcia on June 25, 2021, Doc. 34.

3.      Undersigned and newly appointed counsel will be meeting Mr. Garcia for the first time this week and is in the process of obtaining all the discovery in this case.

4.    Based on initial discovery obtained from prior counsel and discussions with prior counsel, there is extensive video and hard copy discovery that undersigned counsel will need to review to effectively represent and defend Mr. Garcia.

5.    The constitution's guarantee of effective assistance of counsel includes adequate time to prepare for trial. Reversing the district court's denial of a motion for continuance of trial, the Eleventh Circuit spoke to this important principle:

> While we appreciate the heavy caseloads under which the district courts are presently operating and understand their interest in expediting trials, we feel compelled to caution against the potential dangers of haste, and to reiterate that an insistence upon expeditiousness in some cases renders the right to defend with counsel an empty formality. In our system of justice, the Sixth Amendment's guarantee to assistance of counsel is paramount, insuring the fundamental human rights of life and liberty. The Sixth Amendment stands as a constant admonition that if the constitutional safeguards it provides be lost, justice will not still be done." *Gideon v. Wainwright*, 372 U.S. 335, 343, 83 S. Ct. 792, 796, 9 L. Ed. 2d 799 (1963) (citation and quotations omitted).
>
> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: Disposition of a request for continuance … is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment. *Avery v. Alabama*, 308 U.S. 444, 446, 60 S. Ct. 321, 322, 84 L. Ed. 377 (1940) (footnotes omitted) (emphasis added). This case presents an instance where a court, in its haste, denied compelling unopposed motions for continuance and in so doing eviscerated one of the Sixth Amendment's essential safeguards. As a result, justice has not been done.

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995). As recently appointed undersigned counsel requires adequate time to continue his evaluation of all discovery and effectively represent Mr. Garcia.

6.      Effective assistance of counsel requires the evaluation and discussion of plea possibilities. *Missouri v. Frye,* 566 U.S. 133 (2012).

7.      Given the possibility of a settlement of this cause, a continuance aimed at avoiding an unnecessary trial and conserving judicial resources serves the purposes of the Speedy Trial Act. *See, Connolly v. United States*, 2013 WL 530869 (D.N.J. 2013) (unpublished) (waste of prosecutorial and judicial resources and delay in the trial of other cases is contrary to the objectives underlying the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq*.); *United States v. Stanton*, 94 F.3d 643, 1996 WL 465841 (4th Cir. 1996) (unpub'd) ("it is also clear that the obvious reason the district court granted the motion was to conserve judicial resources by avoiding potential piecemeal litigation, and this justified an ends of justice finding under 3161"); *United States v. Stradford*, 394 F. App'x 923, 927, 2010 WL 3622995 (3rd Cir. 2010) (unpub'd) (affirming the grant of a continuance for several reasons including time to discuss plea negotiations and the continuance would likely conserve judicial resources).

8.      The requested continuance will not give rise to a Speedy Trial Act violation. The additional time required by the continuance may properly be excluded under 18 U.S.C. § 3161(h)(7) on the ground that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. In particular, failure to grant the continuance would "deny counsel for the defendant [and] the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

9.      Opposing counsel, AUSA Eva Fontanez, does not oppose the relief requested.

WHEREFORE, Mr. Garcia respectfully moves this Court to vacate the trial setting of July 12, 2021, and continue said trial for approximately ninety (90) days, and to grant a corresponding

3

extension of time to file motions.

Respectfully Submitted:

By: /s/ Joe M. Romero, Jr.
Joe M. Romero, Jr.
ROMERO & WINDER, PC
*Attorney for Plaintiffs*
P.O. Box 22543
Albuquerque, NM 87125-5543
Phone: (505) 843-9776
Fax: (505) 212-0273
joe@romeroandwinder.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of July 2020, I filed the foregoing electronically through the CM/ECF system, and served the same to opposing counsel, AUSA Eva Fontanez.

By:    */s/ Joe M. Romero, Jr.*
       Joe M. Romero, Jr.