IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

                **Plaintiff,**

vs.                                                         **CR. NO. 20-1954 KWR**

PETER GARCIA,

                **Defendant.**

## UNOPPOSED MOTION TO CONTINUE TRIAL
## AND MOTION TO EXTEND TIME TO FILE MOTIONS

The Defendant Peter Garcia (Mr. Garcia), through his undersigned counsel, respectfully moves the Court to continue the trial currently set for October 31, 2021 for nineth (90) days, and to grant a corresponding extension of time to file motions. As grounds for this motion, Mr. Garcia would show the Court the following:

1.        Mr. Garcia was indicted on October 28, 2020, on a single count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), Doc. 4. Mr. Garcia was arraigned in this case on January 22, 2021, Doc. 18.

2.        On June 25, 2021, an Order was entered in this case granting prior CJA counsel's motion to withdraw from this case, Doc. 33. Undersigned counsel was appointed to represent Mr. Garcia on June 25, 2021, Doc. 34.

3.        Having represented Mr. Garcia for two months and having had the opportunity to meet in person with Mr. Garcia, undersigned counsel has been made aware of Mr. Garcia's prior mental health history and past mental health treatment in his home state of California, including a prior diagnosis and treatment for Post-Traumatic Stress Syndrome. Upon learning of Mr.

Garcia's prior mental health history, undersigned counsel retained the services of a psychologist,

Dr. Julie Brovko, to evaluate Mr. Garcia. In addition, undersigned counsel has corresponded with

the San Bernadino County Department of Behavioral Health ("DBH") in Rialto, California and

requested a copy of Mr. Garcia's mental health treatment records.  DBH has informed

undersigned counsel that the requested records are maintained in an off-site storage facility and

that undersigned counsel can expect to receive the requested records on or about the first week of

September 2021. Dr. Brovko has informed undersigned counsel that upon receipt and review of

the requested DBH mental health records, she will require approximately two months to

complete her testing of Mr. Garcia and completion of her evaluation report.

       4.      Mr. Garcia's mental health history and Dr. Brovko's forthcoming psychological

evaluation are relevant, and potential mitigating evidence, for the Government to consider during

plea negotiations and for the Court's consideration at a prospective sentencing hearing. As a

result, Mr. Garcia is seeking a continuance of the current trial setting to obtain a copy of the

requested mental health records and to allow Dr. Brovko sufficient time to complete her testing

of Mr. Garcia and complete her written psychological evaluation report.

       5.      The constitution's guarantee of effective assistance of counsel includes adequate

time to prepare for trial. Reversing the district court's denial of a motion for continuance of trial,

the Eleventh Circuit spoke to this important principle:

> While we appreciate the heavy caseloads under which the district courts are
> presently operating and understand their interest in expediting trials, we feel
> compelled to caution against the potential dangers of haste, and to reiterate that an
> insistence upon expeditiousness in some cases renders the right to defend with
> counsel an empty formality. In our system of justice, the Sixth Amendment's
> guarantee to assistance of counsel is paramount, insuring the fundamental human
> rights of life and liberty. The Sixth Amendment stands as a constant admonition
> that if the constitutional safeguards it provides be lost, justice will not still be

done." *Gideon v. Wainwright*, 372 U.S. 335, 343, 83 S. Ct. 792, 796, 9 L. Ed. 2d 799 (1963) (citation and quotations omitted).

Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: Disposition of a request for continuance … is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment. *Avery v. Alabama*, 308 U.S. 444, 446, 60 S. Ct. 321, 322, 84 L. Ed. 377 (1940) (footnotes omitted) (emphasis added). This case presents an instance where a court, in its haste, denied compelling unopposed motions for continuance and in so doing eviscerated one of the Sixth Amendment's essential safeguards. As a result, justice has not been done.

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995). Undersigned counsel requires additional time to obtain previously requested mental health records pertaining to Mr. Garcia and to complete a current psychological evaluation of Mr. Garcia.

6.      Effective assistance of counsel requires the evaluation and discussion of plea possibilities. *Missouri v. Frye,* 566 U.S. 133 (2012).

7.      Given the possibility of a settlement of this cause, a continuance aimed at avoiding an unnecessary trial and conserving judicial resources serves the purposes of the Speedy Trial Act. *See, Connolly v. United States*, 2013 WL 530869 (D.N.J. 2013) (unpublished) (waste of prosecutorial and judicial resources and delay in the trial of other cases is contrary to the objectives underlying the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq*.); *United States v. Stanton*, 94 F.3d 643, 1996 WL 465841 (4th Cir. 1996) (unpub'd) ("it is also clear that the obvious reason the district court granted the motion was to conserve judicial resources by avoiding potential piecemeal litigation, and this justified an ends of justice finding under 3161"); *United States v. Stradford*, 394 F. App'x 923, 927, 2010 WL 3622995 (3rd Cir. 2010)

(unpub'd) (affirming the grant of a continuance for several reasons including time to discuss plea negotiations and the continuance would likely conserve judicial resources).

8.     The requested continuance will not give rise to a Speedy Trial Act violation. The additional time required by the continuance may properly be excluded under 18 U.S.C. § 3161(h)(7) on the ground that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. In particular, failure to grant the continuance would "deny counsel for the defendant [and] the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

9.     Opposing counsel, AUSA Eva Fontanez, does not oppose the relief requested.

WHEREFORE, Mr. Garcia respectfully moves this Court to vacate the trial setting of October 12, 2021 and continue said trial for approximately ninety (90) days, and to grant a corresponding extension of time to file motions.

Respectfully Submitted:

By: /s/ Joe M. Romero, Jr.
Joe M. Romero, Jr.
ROMERO & WINDER, PC
*Attorney for Plaintiffs*
P.O. Box 22543
Albuquerque, NM 87125-5543
Phone: (505) 843-9776
Fax: (505) 212-0273
joe@romeroandwinder.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 26th day of August 2020, I filed the foregoing electronically through the CM/ECF system, and served the same to opposing counsel, AUSA Eva Fontanez.

By:     */s/ Joe M. Romero, Jr.*
        Joe M. Romero, Jr.