IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

vs.                                                                                    CR. NO. 20-1954 KWR

**PETER GARCIA,**

        **Defendant.**

**UNOPPOSED MOTION FOR ORDER TO CONDUCT
PRE-PLEA PRESENTENCE INVESTIGATION**

The Defendant, Peter Garcia ("Mr. Garcia") by and through his attorney, Romero & Winder, PC (Joe M. Romero, Jr.), moves this Court for an order directing the United States Probation Office to produce a Presentence Report (Form 13) calculating the defendant's criminal history and guideline offense level prior to the entry of a plea. In support of this motion, Mr. Garcia states as follows:

    1. Mr. Garcia intends to enter a plea of guilty to the indictment pending against him in New Mexico. In the indictment, Mr. Garcia is charged with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. The application of the sentencing guideline calculation in Mr. Garcia's is complicated or unclear. That is, Mr. Garcia has multiple out of state (California) felony convictions, but what is unclear is whether or not Mr. Garcia has two or more felony convictions involving a "crime of violence". Resolving this issue is critical for Mr. Garcia as there is an estimated 10 level difference in his sentencing guideline base offense level depending on the resolution of this issue by the U.S. Probation Office.

2. The resolution of this issue also complicated by the fact that Mr. Garcia's out of state criminal history does not involve any of the enumerated offenses which would expressly qualify as "crimes of violence" pursuant to USSG §4B1.2(a)(2). Further, while there is no Tenth Circuit case law on point, undersigned counsel has found conflicting circuit court case law as to one of Mr. Garcia's prior convictions (i.e., whether the offense of threatening a crime with intent to terrorize qualifies as a "crime of violence).

3. Also, in *Borden v. United States*, 141 S. Ct. 1817 (2021), the Supreme Court specifically addressed whether a prior conviction that involved a *mens rea* of recklessness qualifies as a "crime of violence" under ACCA. *Id.* The Supreme Court held that offenses with a *mens rea* of recklessness do not qualify as "crimes of violence" under ACCA. *Id.* at 23. The "crime of violence" analysis used in ACCA is similar to the "use of force" / "crime of violence" analysis used in USSG 2K2.1 (firearms guideline). *See* USSG § 2K2.1, comment (n.1).

4. Undersigned counsel has discussed the aforementioned issues with opposing counsel during plea negotiations and both believe that a pre-plea presentence report (Form 13) would assist the parties in facilitating and finalizing a plea agreement. As such, AUSA Eva Fontanez, does not oppose this motion.

5. Undersigned counsel has contacted and discussed the request for a pre-plea presentence report (Form 13) with supervisory U.S. Probation Officer Shannon Bohlken and she concurs and does not oppose said request.

WHEREFORE, the Defendant, Mr. Garcia, respectfully requests that this Court issue an order directing the U.S. Probation Office to produce a pre-plea presentence report prior to the entry of a plea in this case.

Respectfully Submitted:

By: /s/ Joe M. Romero, Jr.
Joe M. Romero, Jr.
ROMERO & WINDER, PC
*Attorney for Plaintiffs*
P.O. Box 22543
Albuquerque, NM 87125-5543
Phone: (505) 843-9776
Fax: (505) 212-0273
joe@romeroandwinder.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 26th day of August 2020, I filed the foregoing electronically through the CM/ECF system, and served the same to opposing counsel, AUSA Eva Fontanez.

By:     */s/ Joe M. Romero, Jr.*
        Joe M. Romero, Jr.